UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NELSON ENRIQUE PINEDA
CARRILLO,

     *Petitioner,*

v.                                                  Case No.: 3:26-cv-1457-JEP-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

     *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, an immigration detainee, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on June 3, 2026. (*See generally* Doc. 1). He argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id.* at 11–12). As relief, he seeks immediate release from ICE custody. (*Id.* at 15). In their response to the petition, the Federal Respondents contend that the petition should be denied as premature. (*See* Doc. 13 at 1, 5–6).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S.

at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas*

2

claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, Petitioner filed this case on June 3, 2026, which is approximately eight days since the start of his current detention on May 26, 2026—far short of the presumptive six-month period. (*See* Doc. 1 at 10). While he argues in his reply that his six-month presumptively reasonable period of detention ended in 2007, this Court disagrees. (*See* Doc. 14 at 1–2). In *Akinwale*, the Eleventh Circuit noted that "[a]lthough not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter," and concluded that the six-month *Zadvydas* period "commences at the beginning of the removal period." *Akinwale*, 287 F.3d at 1052 & n.3. But *Akinwale* was not dealing with an individual who had been re-detained by ICE. *Akinwale*, along with the petitioners in *Zadvydas*, were all subject to continuous ICE detention from the commencement of their removal periods. Further, while the period "commences" at the beginning of the removal period, that does not automatically mean the period continuously runs without

interruption regardless of whether the individual is actually detained.[1] Importantly, in making that conclusion, the Eleventh Circuit cited cases that specifically addressed periods of *detention. See Akinwale*, 287 F.3d at 1052 n.3.[2] Thus, this Court does not conclude that the presumptively reasonable six-month period automatically expires 90 days after the 90-day statutory removal period. *See Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("Because *Zadvydas* clearly involved *detention* of a petitioner during the presumptively reasonable period, it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody.").

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

---

[1] The six-month presumptive period can be interrupted by other proceedings. *See Akinwale*, 287 F.3d at 1052 n.4 (recognizing that the petitioner "interrupted the running of time under *Zadvydas* by moving . . . for a stay of deportation").

[2] *Akinwale* cited: *Zadvydas,* 533 U.S. at 701 (recognizing that "Congress previously doubted the constitutionality of detention for more than six months"); *Ma v. Ashcroft,* 257 F.3d 1095, 1102 n. 5 (9th Cir. 2001) (interpreting *Zadvydas* on remand as permitting a detention period "of *six months* after a final order of removal—that is, *three months* after the statutory removal period has ended") (emphasis in original); *United States v. Oliveros,* 275 F.3d 1299, 1308 n. 6 (11th Cir. 2001) (noting that *Zadvydas* set "presumptive limit" of "six months" for detention of an alien "ordered removed from this country"); *Patel v. Zemski,* 275 F.3d 299, 309 (3d Cir. 2001) (describing *Zadvydas* as limiting "post-removal-order detention to a period . . . generally no more than six months").

2. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.

3. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on July 30, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record